| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>CHARLENE CHRISTINE SIMON,<br><br>        Appellant,<br><br>   -against-<br><br>BANK OF AMERICA, N.A., R. KENNETH BARNARD, AND UNITED STATES TRUSTEE,<br><br>        Appellees.<br>-----------------------------------------------------------x | For Online Publication Only<br><br><br><br><u>**MEMORANDUM & ORDER**</u><br>19-CV-3498 (JMA)<br><br><br>**FILED<br>CLERK**<br><br>1/15/2021 10:20 am<br><br>**U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE** |

**APPEARANCES:**

Charlene Christine Simon, <u>pro se</u>
218 E. Park Avenue, #205
Long Beach, New York 11561
 *Pro Se Appellant*

Robert W. Griswold
Shapiro, DiCaro & Barak, LLC
One Huntington Quadrangle, Suite 3N05
Melville, New York 11747
 *Counsel for Appellee Bank of America, N.A.*

R. Kenneth Barnard
3305 Jerusalem Avenue, Suite 215
Wantagh, New York 11793
 *Appellee*

Christine Black
Office of the U.S. Trustee
560 Federal Plaza
Central Islip, New York 11722
 *Counsel for Appellee United States Trustee*

**AZRACK, United States District Judge:**

  <u>Pro se</u> Appellant, Charlene Christine Simon ("Appellant" or "Debtor") appeals from two orders issued by Judge Robert E. Grossman in her Chapter 7 bankruptcy proceeding, which was commenced on August 14, 2017 in the United States Bankruptcy Court for the Eastern District of

1

New York (the "Bankruptcy Court"). (See In re Simon, Bankr. No. 17-74953). Appellant appeals from an order granting relief from the automatic stay dated April 15, 2019, (Stay Relief Order, In re Simon, Bankr. No. 17-74953, ECF No. 57), and from an order granting a filing injunction against Appellant dated May 30, 2019, (Filing Injunction Order, In re Simon, Bankr. No. 17-74953, ECF No. 73). The two appeals were consolidated on January 8, 2020.[1]

For the reasons that follow, the Bankruptcy Court's Stay Relief Order and Filing Injunction Order are AFFIRMED and this appeal is DENIED.

## I. BACKGROUND[2]

On November 16, 2007, Debtor, Mark Simon (the "Co-Borrower" or "Mark Simon"), and Moses Josiah (collectively, the "Borrowers") executed a note (the "Note") in the amount of $405,000. The Note was secured by a mortgage (the "Mortgage") granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Madison Home Equities, Inc., on the property located at 23 New Hampshire Street, Long Beach, New York 11561 ("the Property"). (Stay Relief appeal at 14-36.) On July 1, 2009, the Mortgage and the Note were assigned to BAC Home Loan Servicing, LP.[3] (Id. at 37.) On September 26, 2013, the terms of the Note and Mortgage (collectively, the "Loan") were modified by an agreement between BANA and Debtor creating a new principal balance in the amount of $589,628.42. (Id. at 38-49.)

---

[1] See Simon v. Bank of America, N.A., 19-CV-02506, Docket Entry Order dated January 8, 2020 consolidating Stay Relief appeal, 19-CV-02506, ECF No. 4 with Filing Injunction appeal, 19-CV-03498, ECF No. 5. Both appeals are now under Docket 19-CV-03498.

[2] The following facts are derived from the parties' briefs and the bankruptcy records designated on appeal. (Stay Relief appeal, 19-CV-02506, ECF No. 4; Filing Injunction appeal, 19-CV-03498, No. 5.). For consistency, the Court will refer to the Stay Relief appeal and the Filing Injunction appeal and cite page numbers provided by the Court's CM/ECF system.

[3] As the result of a merger, Bank of America, N.A. ("BANA") is successor to BAC Home Loan Servicing, LP. (Stay Relief appeal at 51.)

2

## A. State Foreclosure Action

On April 14, 2015, BANA commenced a foreclosure action (the "Foreclosure Action") against the Borrowers in New York Supreme Court for the County of Nassau due to their September 1, 2014 default on the Note. (Id. at 56-68, Bank of America, N.A. v. Banks, Index No. 15-3383 (County of Nassau).) Following the Borrowers' default, on September 7, 2016, the state court denied the Borrowers' motion to interpose a late answer to the foreclosure complaint seeking numerous counterclaims and challenging BANA's standing as a secured creditor. (Filing Injunction appeal at 6, 16.) On September 27, 2016, the state court entered a summary judgment order in BANA's favor confirming that "[BANA] has established its standing and the [Borrowers'] default." (Id. at 18-19.) The Borrowers did not appeal the summary judgment order.

## B. Debtor's Filings in this Court

On August 31, 2016, the Borrowers filed a complaint in this Court against numerous parties, including BANA, individual employees of BANA and counsel to BANA in the foreclosure action alleging fraud as well as other claims seeking $400 million. (Id. at 21-23, Simon v. Bank of America, N.A., 16-CV-04867 (E.D.N.Y.)). This Court denied the Borrowers' application seeking disqualification of counsel and discovery, and granted the defendants' motions to dismiss the action on September 28, 2017. (Id. at 25-32.) The Borrowers' motion for reconsideration was denied on September 30, 2018. (Id. at 7.) No appeal was filed.

On January 26, 2017, Mark Simon filed another complaint in this Court against numerous parties, including BANA seeking over $10 million plus treble damages. (Id. at 8, 17-CV-00730.) That action was voluntarily dismissed on July 25, 2017.

3

### C. Debtor's Bankruptcy Petition[4]

Debtor filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code on August 14, 2017 in the United States Bankruptcy Court for the Eastern District of New York. (See In re Simon, Bank. Pet. 17-74953, ECF No. 1.) On August 23, 2017, Debtor filed six subpoenas against various parties in which she made numerous discovery demands. (Id., ECF Nos. 13-18.) On December 13, 2017, the Court held a hearing, and granted BANA's motion to quash the subpoenas on January 2, 2018. (Id., ECF No. 39.) On January 10, 2018, Debtor filed an objection to the Court's order quashing her subpoenas. (Id., ECF No. 43.) On December 14, 2017, Debtor filed an adversary complaint against numerous parties, including BANA, its counsel and the original lender challenging BANA's standing as a secured creditor. (Id., ECF No. 37.) The Bankruptcy Court held a hearing on February 5, 2018 and granted BANA's motion to dismiss the adversary complaint pursuant to Rule 12(b)(6). (Filing Injunction appeal at 10.) Debtor did not appeal that order.

### D. Stay Relief Motion

On February 26, 2019, BANA filed a Stay Relief Motion, requesting that the Bankruptcy Court grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) with respect to the Property. (Stay Relief appeal at 3-4.) BANA attached a copy of the Note, Mortgage, and Assignment of Mortgage to the affirmation filed in support of its motion, and a November 8, 2018 appraisal of the property showing that the Property was appraised for $360,000. (Id. at 9-37.)

---

[4] On January 10, 2017, Mark Simon filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. (Id. at 7, Bank. No. 17-0139.) Within his bankruptcy case, Mark Simon filed numerous motions, filings and pleadings against, amongst others, BANA, its counsel, and the Clerk's Office. (Id. at 8-9.) He filed "counter-claims" against BANA and other parties seeking damages in excess of $10 million and treble damages. (Id. at 8.) Mark Simon filed a sanctions motion against BANA claiming that BANA failed to adequately establish its standing and violated the automatic stay. (Id. at 9.) In opposing the Trustee's motion to dismiss, Mr. Simon claimed that his bankruptcy petition was incorrectly filed in his name, but that it should have been filed in the name of the "Estate of Mark Ron Simon," and that he is a secured creditor of the estate whose claim supersedes those of any other party. (Id. at 8-9.) Mark Simon's bankruptcy case was subsequently dismissed.

4

BANA asserted that cause existed for the Bankruptcy Court to lift the automatic stay because BANA's interest in the Property was not adequately protected. (Id. at 11-12.) BANA further claimed that Debtor had no equity in the Property, and that the Property was not necessary for an effective reorganization. (Id.) BANA requested relief so that it could "continue and/or commence foreclosure proceedings with respect to the Property." (Id. at 11.)

Debtor filed an opposition to the motion for relief on March 22, 2019, claiming that BANA lacked standing and that the parties had entered into an arbitration agreement with respect to the Loan, and, therefore, the Bankruptcy Court should have ordered binding arbitration between the parties. (17-74953, ECF No. 48.) Debtor did not dispute the merits of the motion—namely, that no post-petition mortgage payments had been made or that there was no equity in the property. (Id.) The Bankruptcy Court held a hearing on BANA's motion on April 8, 2019 and determined that relief from the automatic stay was warranted for cause pursuant to 11 U.S.C. § 362(d). (Stay Relief appeal at 94-95.) Accordingly, the Bankruptcy Court issued the Stay Relief Order on April 15, 2019, granting BANA's motion and directing:

> that the automatic stay [ ] is hereby vacated for cause pursuant to 11 U.S.C. § 362(d) as to Movant, its agents, assigns, or successors in interest, so that Movant, [ ], may take any and all actions pursuant to the Note and Mortgage and applicable state law including but not limited to foreclose its mortgage on premises known as 23 New Hampshire Street, Long Beach, NY 11561 without further application to this Court…

(Id.) On April 26, 2019, Debtor filed a notice of appeal. (Id. at 96-99.)

### E. Filing Injunction Motion

On April 5, 2019, BANA filed a motion for a filing injunction against Debtor and the Co-Borrowers requiring the Borrowers to seek leave from the court prior to filing any new pleadings, motions, discovery requests or actions challenging BANA's standing or the validity of its' lien with respect to the Property, or before filing another bankruptcy petition. (Filing Injunction appeal

5

at 5.) BANA filed an affidavit in further support of its motion on May 17, 2019, noting that a grievance had been filed by Debtor against BANA's counsel, and that Debtor had sent notice to BANA attempting to enforce a unilateral arbitration agreement. (17-74953, ECF No. 71.) On May 20, 2019, the Bankruptcy Court held a hearing on BANA's unopposed motion and granted the filing injunction. (Filing Injunction appeal at 41-42.) Debtor made no appearance at the hearing. Pursuant to the Bankruptcy Court's order:

> [Debtor] is enjoined and prohibited, without first obtaining an order from [the Bankruptcy Court], from: (a) making or filing any further motions and/or pleadings in the Bankruptcy Court for the Eastern District of New York seeking affirmative relief, related in any way to [BANA]'s interest in the real property located at 23 New Hampshire Street [in] Long Beach, [New York] 11561, and (b) making or filing any motions and/or pleadings in the Bankruptcy Court for the Eastern District of New York seeking affirmative relief against (i) [BANA], its successors and assigns, or (ii) employees of [BANA], its successors and assigns, or (iii) counsel to [BANA] and any of its associated attorneys or employees.

(Id.) On June 12, 2019, Debtor filed a notice of appeal. (Id. at 105-08.)

### F. Procedural History

On June 27, 2019, Debtor filed her appellate brief with regard to the Stay Relief Order and on August 16, 2019, BANA filed its brief. (19-CV-2506, ECF Nos. 7, 10.) On August 13, 2019, Debtor filed an Emergency Motion for Discovery (19-CV-2506, ECF No. 9) which was denied by this Court on December 19, 2019. On October 28, 2019, Debtor filed an Emergency Motion for a Temporary Restraining Order (19-CV-3498, ECF No. 7) which was opposed by BANA on January 27, 2020 (19-CV-3498, ECF No. 13), and denied by this Court on November 30, 2020. Debtor filed her appellate brief with regard to the Filing Injunction Order on November 16, 2019 (19-CV-3498, ECF No. 8), and BANA filed its brief on January 15, 2020. (19-CV-3498, ECF No. 11.) On January 8, 2020, the Stay Relief appeal was consolidated with the Filing Injunction appeal.

6

## II. DISCUSSION

### A. Standard of Review

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. On such an appeal, a district court reviews the bankruptcy court's findings of fact for clear error, and any conclusions of law are reviewed de novo. In re Bennett Funding Grp., Inc., 146 F.3d 136, 138 (2d Cir. 1998). Factual findings are clearly erroneous when, "after reviewing the evidence as a whole, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.' " In re Thakur, 498 B.R. 410, 419 (S.D.N.Y. 2013) (quoting In re AMR. Corp., 490 B.R. 470, 475 (S.D.N.Y. 2013)). The district court reviews mixed questions of law and fact de novo. Id.

In addition, "[t]he Court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." In re Miller, Nos. 08-CV-4305, 08-CV-4306, 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009); Bristol v. DeRosa, No. 09-CV-3730, 2010 WL 3924911, at *2 (E.D.N.Y. Sept. 30, 2010).

A bankruptcy order granting relief from an automatic stay, and an order issuing a filing injunction are reviewed for abuse of discretion. See In re Aquatic Dev. Group, Inc., 352 F.3d 671, 678 (2d Cir. 2003); Duran v. Kiley, 586 Fed. App'x. 598, 600 (2d Cir. 2013). A court "abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." E.E.O.C. v. KarenKim, Inc., 698 F.3d 92, 99-100 (2d Cir. 2012) (internal quotation marks omitted).

7

### B. Appeal from the Stay Relief Order

Debtor contends that the Bankruptcy Court lacked subject matter jurisdiction to remove the automatic stay, and, in any event, abused its discretion in granting BANA's motion for relief from the automatic stay.

The Court first considers whether BANA is a party in interest under 11 U.S.C. § 362(d), and then determines whether the Bankruptcy Court abused its discretion in finding cause to vacate the automatic stay. See In re Campora, Nos. 14-CV-5066, 14-CV-7123, 2015 WL 5178823, at *4 (E.D.N.Y. Sept. 3, 2015).

#### 1. Party in Interest

"The 'evidence necessary to establish standing' as a party in interest 'to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage.'" Osuji v. Deutsche Bank, N.A., 589 B.R. 502, 509 (E.D.N.Y. 2018) (quoting In re Escobar, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011) ("[T]he level of proof necessary to commence a foreclosure action under New York law . . . is the appropriate level of proof necessary to confer standing to seek stay relief."). "Under New York law, [a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." OneWest Bank, N.A. v. Melina, 827 F.3d 214, 222 (2d Cir. 2016) ("Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.") (citation omitted). Thus, courts require only that "where the movant claims rights as a secured creditor by virtue of an assignment of rights to a promissory note secured by a lien against real property," it provide "satisfactory proof of [movant's] status as the owner or holder of the note at issue." In re Campora, 2015 WL 5178823, at *5 (finding that bank was party

8

in interest entitled to move for relief from the stay in bankruptcy court where it "produced a copy of the original note[ ] and demonstrated that it is the holder and owner of that note" and where the state court had "already determined that [the bank] had standing to pursue the foreclosure action") (internal quotation marks omitted) (alteration in original); see e.g. In re Fennell, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (finding that a party "through its physical possession of the Note and Mortgage . . . [has] met its burden of establishing that it possesses standing to request relief from the automatic stay pursuant to § 362(d)(1)").

In the instant case, BANA satisfied its burden by demonstrating that it had physical possession of the Note and Mortgage through assignment. (See Stay Relief appeal at 13-37, Ex. A, Note, Mortgage, and Assignment of Mortgage.) Moreover, the state court already determined that BANA had standing when it entered summary judgment in its favor on September 27, 2016 in the foreclosure action. Because "the requirements for standing under § 362(d)(1) are equivalent to those to commence a foreclosure action in the state court," Debtor's appeal "amounts to an attempt to re-litigate the New York State Court's" summary judgment order. In re Campora, 2015 WL 5178823, at *5. Therefore, Debtor's contentions that BANA lacked standing to bring the Foreclosure Action—"couched in terms of [BANA's] lack of authority to move for relief from the automatic stay—are barred by the Rooker-Feldman doctrine" and res judicata. Selig v. Druckman Law Group PLLC, No. 17-CV-4510, 2018 WL 3973013, at *5 (E.D.N.Y. Aug. 20, 2018) (citing In re Campora, 2015 WL 5178823, at *5.) ("[T]he Court notes that debtor's attempt to put [the bank's] standing into issue is also barred by the Rooker-Feldman doctrine and res judicata.").

Accordingly, the Court finds that the Bankruptcy Court did not err in finding that BANA was a party in interest entitled to seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

      2.  <u>Lifting the Automatic Stay</u>

Having affirmed the Bankruptcy Court's finding that BANA is a party in interest, the Court now turns to whether the Bankruptcy Court abused its discretion by granting BANA relief from the automatic stay pursuant to 11 U.S.C. § 362(d). Section 362(d) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization ....

11 U.S.C. § 362(d)(1) and (2).

In its review of the Stay Relief Order, this Court considers the "non-exclusive list of factors that may be relevant in determining whether an automatic stay should be lifted for 'cause' under § 362(d)(1)," as set forth by the Second Circuit in <u>In re Sonnax Indus., Inc.</u>, 907 F.2d 1280 (2d Cir. 1990). <u>In re Watkins</u>, Nos. 06-CV-1341, 06-CV-0597, 2008 WL 708413, at *3 (E.D.N.Y. Mar. 14, 2008). These factors include:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

<u>In re Sonnax</u>, 907 F.2d at 1286.

The Court has considered these factors and concludes that cause exists to lift the stay under § 362(d)(1) and, therefore, it cannot be said that the Bankruptcy Court's decision to lift the automatic stay was an abuse of its discretion.

First, BANA established that there was cause for relief from the automatic stay as it is undisputed that the Borrowers have not made a mortgage payment since September 1, 2014. (Stay Relief appeal at 11.) "Courts in this circuit have ruled that a debtor's failure to make mortgage payments can constitute sufficient cause to modify an automatic stay (as the debtor can be deemed to 'lack . . . adequate protection of an interest in [the] property.'")." Osuji, 589 B.R. at 511 (quoting In re Campora, 2015 WL 5178823, at *5); see also In re Fennell, 495 B.R. at 239 (concluding that cause existed to lift the automatic stay when debtor failed to make mortgage payments, and failed to "introduce [any] evidence to contradict [the] assertion that she is delinquent on her mortgage payments"). For this reason, the Court finds that the Bankruptcy Court did not abuse its discretion in granting BANA's motion and vacating the automatic stay pursuant 11 U.S.C. § 362(d)(1).

The Court also finds that the stay was properly lifted pursuant to § 362(d)(2). As mentioned above, an automatic stay may be lifted if "(A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). The creditor bears the burden to show a lack of equity. Osuji, 589 B.R. at 508. Once lack of equity is established, the burden then shifts to the debtor to show that the property is necessary for effective reorganization. Id. (citation omitted). For purposes of § 362(d)(2)(A), "a debtor lacks equity in a particular piece of property when the sum total of the claims secured by the property exceed its value." In re Ehrenfeld, No. 19-CV-8718, 2020 WL 5758819, at *4 (S.D.N.Y. Sept. 28, 2020) (quoting In re Leonard, 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992).

Here, BANA presented evidence of a 2019 appraisal valuing the Property at $360,000. (Stay Relief appeal at 7, 79.)  It also demonstrated that, as of January 17, 2019, Debtor owed BANA $683,226.03.  (Id. at 7.)  Thus, BANA met its burden of demonstrating a lack of equity in the Property.  Additionally, because Debtor is seeking Chapter 7 bankruptcy, she seeks liquidation of her estate, not reorganization.  See In re Ehrenfeld, 2020 WL 5758819, at *4 (citing In re DBSD N. Am., Inc., 634 F.3d 79, 98 (2d Cir. 2010) (noting that Chapter 7 bankruptcy "involve[s] a liquidation of the debtor, not a reorganization").  Thus, Debtor cannot show that retention of the property is necessary for an effective reorganization.

Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in lifting the automatic stay pursuant to either § 362(d)(1) or (2).

### 3. Plaintiff's Other Arguments Raised on Appeal

Debtor raises numerous arguments in her appellate brief—all of which are utterly meritless.

Debtor claims that the Bankruptcy Court lacked jurisdiction to grant the Stay Relief Motion (and issue the Filing Injunction Order) because of an alleged arbitration agreement.  This argument is meritless as no arbitration clause appears in the Note, Mortgage or Loan Modification Agreement and BANA never assented to the alleged arbitration agreement.  (Stay Relief appeal at 14-49; 17-74953, ECF No. 54.)  Moreover, contrary to Debtor's claim, her claims about the arbitration agreement do not implicate the Court's subject matter jurisdiction over the Stay Relief Motion (or the Filing Injunction Motion).

Debtor's appellate brief also raises other arguments that were never raised below in opposing the Stay Relief Motion, including newly alleged claims of RICO and FDCPA violations and Debtor's contention that the Bankruptcy Judge should have recused himself due to an alleged conflict of interest.  An appellate court has discretion not to consider an issue raised for the first

12

time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120–21 (1976); see also Virgilio v. City of N.Y., 407 F.3d 105, 116 (2d Cir. 2005). The Court finds no reason to permit Debtor to raise these arguments on appeal. Moreover, the Court notes that Debtor's recusal argument is also clearly meritless as the "fact that a judge's former law clerk is representing a party in a case before the judge is not sufficient to make a reasonable person question the judge's impartiality." In re Cooke, 160 B.R. 701, 707 (D. Conn. 1993) (citing Wolfson v. Palmieri, 396 F.2d 121, 123-24 (2d Cir. 1968)).

For all of the reasons set forth above, the Court affirms the Bankruptcy Court's Stay Relief Order.

### C. Appeal from the Filing Injunction Order

In appealing the Filing Injunction Order, Debtor essentially raises the same arguments that she advanced in appealing the lifting of the automatic stay. (See 19-CV-03498, Appellant's Br., ECF No. 8 at 2-4.) For the reasons discussed below, the Court finds that the Filing Injunction Order was properly entered against Debtor and her appeal is therefore denied.

As an initial matter, the Court finds that Debtor has waived all of her arguments against the Filing Injunction Order. Debtor was provided with notice and an opportunity to be heard prior to the issuance of the filing injunction. However, Debtor failed to oppose the motion seeking the filing injunction and failed to appear at the hearing. Accordingly, the Court finds that Debtor's arguments have been waived and the Court finds no reason to permit her to raise these arguments on appeal.[5]

---

[5] Debtor argues, based on the alleged arbitration agreement, that the Bankruptcy Court lacked subject-matter jurisdiction to enter the Filing Injunction. As explained earlier, this argument does not implicate the Bankruptcy Court's subject matter jurisdiction and is, in any event, wholly meritless. The Bankruptcy Court clearly had subject matter jurisdiction to enter a filing injunction against Debtor in a bankruptcy case that Debtor herself filed.

13

Moreover, the Bankruptcy Court did not abuse its discretion in granting the filing injunction. It is well-established that Federal courts have the inherent authority to sanction improper litigation conduct, including issuing pre-filing restrictions—i.e., enjoining future filings without leave of the court. See Deep v. Danaher, 393 B.R. 51, 54–55 (N.D.N.Y. 2008) (affirming bankruptcy court's order enjoining a party from filing additional pleadings in a bankruptcy case without first obtaining leave of the court). "The issuance of a filing injunction is appropriate when a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation and citation omitted); Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996) ("The filing of repetitive and frivolous suits constitutes the type of abuse [of the judicial process] for which an injunction forbidding further litigation may be an appropriate sanction."); Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.").

To determine whether to restrict a litigant's future access to the courts, the following factors should be considered:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

---

Additionally, as explained earlier in the discussion of the Stay Relief Motion, Debtor's claim that the Bankruptcy Judge should have recused himself is both waived and meritless.

14

Safir, 792 F.2d at 24.  "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."  Id.

There is no strict numerosity requirement that must be met before a court may exercise its discretion to enjoin a litigant from filing future actions.  Eliahu v. Jewish Agency for Israel, 919 F.3d 709, 714 (2d Cir. 2019).  "Rather, the court must consider the record as a whole and the likelihood that the litigant will continue to abuse the judicial process."  Id. (citing Safir, 792 F.2d at 24.)  The court must first provide a litigant with notice and an opportunity to be heard before imposing a filing injunction, see Lau, 229 F.3d at 123, though a party's awareness of a motion requesting such relief and the party's response is considered sufficient notice and opportunity.  See Azkour v. Maucort, No. 11-CV-05780, 2018 WL 1441366, at *1 (S.D.N.Y. Mar. 21, 2018.)

In the instant case, this Court finds that the Safir factors support the Bankruptcy Court's imposition of a filing injunction.  First, Debtor has abused the judicial process by pursing multiple actions and filing numerous pleadings, discovery demands, notices, and motions in the Bankruptcy Court as well as in this Court.  Notably, many of these filings involved repeated unsuccessful attempts to challenge BANA's standing with regard to the Property.  Additionally, in their continuous efforts to challenge BANA's standing, Debtor, along with her Co-Borrowers, have attempted to misrepresent themselves as creditors of their own estate.  (See Filing Injunction appeal at 8-9; BANA's Br. at 5 (citing 17-CV-70139, ECF No. 28).)

Debtor has made various irrelevant and vexatious filings in her underlying bankruptcy case, including filing a grievance against BANA's counsel for failure to provide copies of the Foreign Agent Registration and an anti-bribery statement, and attempting to challenge prior court orders she marked as "void."  (17-74953, ECF No. 71; Filing Injunction appeal at 12.)  Debtor even

15

purported to obligate the United States Government to repay her loan by submitting an "Equitable Remittance Coupon" payable to BANA for $684,157.03 redeemable at the Federal Reserve.  (17-74953, ECF No. 48, Ex. B.)  Such vexatious and frivolous filings are just the type of abuse for which a filing injunction is appropriate.  See Shafii, 83 F.3d at 571.

Although, Debtor is pro se, which weighs against imposition of a filing injunction, the Court notes that Debtor's numerous filings have resulted in additional expense to BANA, who has had to defend itself against her allegations, as well as appear in court to file a variety of motions regarding the Property.  See Bey v. City of New York, No. 13-CV-9103, 2015 WL 5473155, at *3 (S.D.N.Y. Sept. 16, 2015) (issuing filing injunction where plaintiff "filed a number of vexatious, harassing, and frivolous motions which the Court and Defendants have devoted significant time [ ] addressing."); see also Bridgewater Operating Corp. v. Feldstein, 346 F.3d 27, 30 (2d Cir. 2003) (affirming imposition of injunction requiring plaintiffs to seek authorization prior to pursing further federal litigation with respect to specific property as plaintiff was "likely to continue to abuse the judicial process and harass other parties.").  Therefore, the Court finds that the Bankruptcy Court did not abuse its discretion in granting the filing injunction.  Accordingly, Debtor's appeal is denied.

## CONCLUSION

The orders appealed from are AFFIRMED and Debtor's appeal is DENIED.  The Clerk of the Court is directed to mail a copy of this Order to the pro se Appellant and mark the case CLOSED.

**SO ORDERED.**

Dated:  January 15, 2021
Central Islip, New York

                                                                                        /s/ (JMA)
                                                                                 Joan M. Azrack
                                                                                 United States District Judge